# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Orthula Oleta Hollins, | Case No. 2:24-cv-02045-JAD-DJA |
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation, Granting Motion to Amend, and Remanding Case Back to State Court** |
| Walmart, Inc., d/b/a Walmart #2050; Wal-Mart Stores, Inc.; Wal-Mart Neighborhood Market; et al., | |
| Defendants | ECF Nos. 16, 25 |

On 8/12/25, the magistrate judge entered this Report and Recommendation:

This is a personal injury action arising out of Plaintiff Orthula Oleta Hollins' October 21, 2022, visit to a Walmart store where she was struck by cases of water that fell from an employee's cart. Plaintiff moves to amend her complaint to add two additional Defendants: DeLaquan Willis, the employee pushing the cart, and Amber Haines, the store manager. (ECF No. 16). Defendants Walmart Inc., d/b/a Walmart #2050; Wal-Mart Stores, Inc.; and Wal-Mart Neighborhood Market (collectively, "Walmart") oppose, arguing that Plaintiff only seeks to add Willis and Haines—who Plaintiff alleges are, like her, residents of Clark County, Nevada—to destroy this Court's diversity jurisdiction over the matter. (ECF No. 19).

The Court finds that amendment is appropriate under 28 U.S.C. § 1447(e) and recommends granting Plaintiff's motion to amend. Because Plaintiff alleges, and Walmart does not dispute, that Willis and Haines are Nevada residents, their addition would destroy diversity jurisdiction. Because diversity jurisdiction is the sole basis for this Court's subject matter jurisdiction, the Court further recommends that this case be remanded to state court.

## I.    Discussion.

Plaintiff provides three standards under which she asks the Court to analyze her amendment. First, Federal Rule of Civil Procedure 15(a)'s language asserting that the Court

1    should freely give leave to amend when justice so requires.  Second, Federal Rule of Civil

2    Procedure 15(c)(1)'s relation back doctrine.  Third, 28 U.S.C. § 1447(e).

3            The Court finds that 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure

4    15(a), is the proper legal basis under which to analyze Plaintiff's motion to amend.[1]  It finds that

5    Plaintiff's proposed amendment is appropriate under that statute.  It further finds that, while the

6

7

8    _____

9    [1] In response to Plaintiff's motion, Walmart also makes what appears to be a futility argument
      under Federal Rule of Civil Procedure 15(a).  *See Foman v. Davis*, 371 U.S. 178, 182 (1962)

10   (explaining that futility of amendment is one possible reason a court may decide not to allow a
      party to amend their complaint under Federal Rule of Civil Procedure 15(a)).  However, neither

11   Walmart nor Plaintiff make sufficient arguments to support their positions.  The Court explains
      why below, but does not address these arguments further.  *See Kor Media Grp., LLC v. Green*,

12   294 F.R.D. 579, 582 n.2 (D. Nev. 2013) (explaining that the Court will only consider well-
      developed arguments).  Additionally, because Walmart's arguments appear to be futility

13   arguments, the Court finds that they are better raised before the state court on remand.  *GMAC
      Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL

14   487101, at *2 (D. Nev. Jan. 5, 2018) (explaining that, "[d]eferring ruling on the sufficiency of the
      allegations is preferred in light of the more liberal standards applicable to motions to amend and

15   the fact that the parties' arguments are better developed through a motion to dismiss or a motion

16   for summary judgment.").

17   In its response, Walmart argues that Willis and Haines cannot be liable for the actions Plaintiff
      alleges because they "were acting within the scope of their employment with Walmart, a

18   disclosed principal."  (ECF No. 19 at 3).  The only authority Walmart provides for its position is
      the Restatement (Second) of Agency § 320.  However, as Plaintiff points out in reply, that portion

19   of the Restatement stands for the proposition that "[u]nless otherwise agreed, a person making or
      purporting to make a contract with another as agent for a disclosed principal does not become a

20   party to the contract."  RESTATEMENT (SECOND) OF AGENCY § 320 (AM. LAW INST. 1958).  And
      Walmart provides no analysis about how or why this portion of the Restatement—addressing an

21   agent making a contract on behalf of a principal—applies to this situation.

22   In reply, Plaintiff relies on Nevada Revised Statute ("NRS") § 91.250, which states that "[t]he act,
      omission, or failure of any officer, agent or other person acting for any natural person,

23   association, partnership, corporation or trust within the scope of his or her employment or office
      shall be deemed the act, omission or failure of the natural person, association, partnership,

24   corporation or trust, as well as the officer, agent or other person."  (ECF No. 21 at 3).  But
      Plaintiff does not address the fact that Chapter 91 of the NRS addresses commodities and that the

25   legislature intended the chapter "to protect investors, to prevent and prosecute illegal and
      fraudulent schemes involving commodity contracts and to maximize coordination with federal

26   and other states' law and the administration and enforcement thereof."  NRS § 91.010.  Plaintiff
      provides no analysis about how or why this NRS provision—addressing agent liability in the

27   context of commodity contracts—applies to this situation.

28

1  ultimate decision regarding whether Plaintiff's amended complaint relates back to the original is

2  for the state court to decide, Plaintiff has at least facially met the requirements for relation back.

3         ***A.      The Court employs 28 U.S.C. § 1447(e) in deciding Plaintiff's motion.***

4        "There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs

5  the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule

6  15 or 28 U.S.C. § 1447(e). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal.

7  2014); *see also Magana v. Archer Daniels Midland Co.*, No. 1:20-cv-00578-NONE-SKO, 2021

8  WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to

9  resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 1:19-cv-01275-

10  DAD-SAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

11        Under Rule 15, a party may amend its pleading once "as a matter of course" within

12  twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or

13  motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its

14  pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15  15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The standard for

16  granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th

17  Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be

18  granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

19        "The court considers five factors [under Rule 15] in assessing the propriety of leave to

20  amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

21  whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995.

22  These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th

23  Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for

24  denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th

25  Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to

26  amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist.

27  *Webb*, 655 F.2d at 980.

28

1    Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional

2  defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

3  or permit joinder and remand the action to the State court." "The language of § 1447(e) is

4  couched in permissive terms and it clearly gives the district court the discretion to deny joinder."

5  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

6    The Court believes that the proper analysis of a motion to amend that would add

7  defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district

8  courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*,

9  suggests that the proper analysis is under Section 1447(e). *See Newcombe*, 157 F.3d at 691. In

10  *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy

11  diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.*

12  The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

13
14
15
16
17
18
19
20
21

> [t]he district court considered the potential prejudice to Newcombe,
> balanced the equities, and determined that no injustice would occur.
> The district court, after stating that it was aware of its discretion
> under § 1447(e), concluded that Cassidy was not a crucial defendant
> in this case because Newcombe only sought (1) an injunction, which
> could only be enforced against the other defendants, and (2) money
> damages, which could be fully satisfied by the other defendants. In
> addition, the district court concluded that Newcombe would not
> suffer undue prejudice due to Cassidy's absence as a party because
> he could subpoena Cassidy to testify at trial, and if he so chose, he
> could still proceed separately against Cassidy in state court. We
> agree with these conclusions and therefore conclude that the district
> court did not abuse its discretion in denying Newcombe's motion to
> remand.

22    *Id.*

23    In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to

24  apply Section 1447(e) in situations such as this (and not applied Rule 15). *See 3WL, LLC v.*

25  *Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that

26  "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the

27  district court the discretion to deny joinder,' this court has upheld such denials where the district

28  court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined

that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint ... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e). *Toussain v. Home Depot U.S.A., Inc.*, No. 2:22-cv-00917-JCM-BNW, 2023 WL 3632184, at *1–3 (D. Nev. Apr. 20, 2023), *report and recommendation adopted sub nom. Toussain v. Home Depot USA Inc.*, No. 2:22-cv-00917-JCM-BNW, 2023 WL 3619477 (D. Nev. May 24, 2023).

### B.     Plaintiff has shown that amendment is appropriate under § 1447(e).

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In a case in federal court on the basis of diversity jurisdiction, the addition of a diversity-destroying defendant would require remand. 28 U.S.C. § 1332(a); 28 U.S.C. § 1447(e); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The district court has discretion to deny joinder, or permit joinder that destroys diversity and remand the action to state court. *Newcombe*, 157 F.3d at 691.

Based on *Newcombe*, the Court considers the prejudice to Plaintiff, balances the equities, and determines whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *3WL*, 851 F. App'x at *7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'"). The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts

1    apply different factors (or none at all).  *See, e.g.*, *Sanchez by & through Gomez v. Target Corp.,*

2    *LLC*, No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying

3    six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No. 2:18-cv-02150-GMN-VCF, 2019

4    WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted*, No. 2:18-CV-

5    2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez*

6    *v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1

7    (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-

8    00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district

9    courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives

10   behind seeking joinder, and whether joinder would affect subject matter jurisdiction.  Many of

11   those factors, however, appear to arise from Ninth Circuit case law that predates the 1988

12   enactment of § 1447(e) in its current form.").  Accordingly, rather than choosing a set of factors

13   to apply, the Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and

14   will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice

15   would occur.

16              1.      Prejudice to Plaintiff.

17              First, the Court considers the prejudice to Plaintiff if the Court were to deny amendment.

18   It finds that Plaintiff would be prejudiced because the statute of limitations has run, so Plaintiff

19   may be unable to bring her claims against Willis and Haines if she were to raise them anew in

20   state court.  Plaintiff alleges that the accident happened on October 21, 2022.  The statute of

21   limitations for negligence resulting in personal injury is two years.  Nev. Rev. Stat. 11.190(4)(e).

22   Additionally, Plaintiff convincingly points out that the claims she raises against Walmart are

23   intertwined with those she seeks to bring against Willis and Haines given the underlying facts of

24   the case.  She also convincingly points out that, should Willis and Haines leave their employment

25   with Walmart, naming them as Defendants in this action "would allow Plaintiff to obtain

26   discovery directly from the New Parties, and require the New Parties to attend trial without a

27   subpoena."  (ECF No. 21 at 5).  Because not allowing Plaintiff to amend her complaint to add

28

1   Willis and Haines would prejudice her, the Court finds that this factor weighs in favor of granting

2   the motion to amend.

3               2.     Balance of equities.

4       Second, the Court balances the equities of allowing amendment with not allowing

5   amendment.  If the Court allowed amendment, Plaintiff would be able to bring one suit against

6   Walmart, Willis, and Haines.  This would result in preserving some resources.  On the other hand,

7   Walmart would be forced to expend more resources litigating a broader suit and Willis and

8   Haines would be joined in a lawsuit over something that happened almost three years ago.

9   Walmart also asserts, albeit in conclusory fashion, that it would be prejudiced if it would have to

10  defend its employees against new claims.  However, if the Court were to deny amendment,

11  Plaintiff would likely be unable to bring her claims against Willis and Haines at all, claims which

12  she contemplated from the beginning given the fact that she named Doe defendants.  Because

13  there is a strong policy of deciding cases on their merits, the Court finds that the balance of

14  equities tips in favor of allowing amendment.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.

15  1986).

16              3.     Whether injustice would occur.

17      Third, the Court determines that injustice could occur if Plaintiff is not allowed to amend

18  her complaint.  Plaintiff contemplated adding the individuals holding Willis and Haines' positions

19  since the beginning of her lawsuit.  And while she waited for four months after learning their

20  identities to amend her complaint, the Court does not find that delay to be unreasonable.  *See*

21  *Taylor v. Honeywell Corp.*, No. C 09-4947-SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10,

22  2010) (finding an almost four-month delay to only weigh marginally in favor of the party

23  opposing amendment under a § 1447(e) analysis); *see Zhang v. Saks Inc.*, No. C-09-4447-EMC,

24  2009 WL 5125815, at *4 (N.D. Cal. Dec. 21, 2009) (finding the same for a four-and-a-half-month

25  delay).  Moreover, Plaintiff moved to amend her complaint before the April 25, 2025, deadline to

26  do so passed.  (ECF No. 8).  If Plaintiff were not permitted to amend her complaint, she would

27  likely be unable to bring her claims, which she contemplated bringing from the start, against

28

1  Willis and Haines.  Considering the three *Newcombe* factors, the Court, in its discretion under 28

2  U.S.C. § 1447(e), finds amendment to be appropriate.

3          **C.      *Relation back.***

4          Now that the Court has determined that Plaintiff's proposed amendment is proper under

5  28 U.S.C. § 1447(e), the Court determines whether Plaintiff's addition of Willis and Haines

6  would relate back to the date that she originally filed her complaint.  Plaintiff asserts that her

7  amendment would relate back because she pled a sufficient connection between the Defendants in

8  her original complaint and because she exercised reasonable diligence in moving to amend her

9  complaint.  Walmart disagrees, arguing that Plaintiff was not "mistaken" about the identity of

10  Willis and Haines as required by Rule 15(c)(1)(C)(ii)—she simply lacked knowledge about their

11  names—and that Plaintiff unduly delayed in seeking to add Willis and Haines.

12          "[B]ecause the limitations period derives from state law, Rule 15(c)(1) requires [the

13  Court] to consider both federal and state law and employ whichever affords the 'more permissive'

14  relation back standard."  *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201

15  (9th Cir. 2014).  The Nevada Supreme Court has articulated a specialized test for relation back

16  when a party seeks to name a previously described Doe or Roe Defendant:

17                  (1) pleading fictitious or doe defendants in the caption of the
18                  complaint; (2) pleading the basis for naming defendants by other
                    than their true identity, and clearly specifying the connection
19                  between the intended defendants and the conduct, activity, or
                    omission upon which the cause of action is based; and (3) exercising
20                  reasonable diligence in ascertaining the true identity of the intended
                    defendants and promptly moving to amend the complaint in order to
21                  substitute the actual for the fictional.  Satisfaction of all three of the
                    aforementioned elements is necessary to the granting of an
22                  amendment that relates back to the date of the filing of the original
23                  complaint.

24          *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106

25  (1991), *abrogated on other grounds by Costello v. Casler*, 127 Nev. 436, 254 P.3d 631 (2011).

26          Here, the ultimate question of the statute of limitations and relation back issue will be for

27  the state court to resolve on remand.  But the Court finds that Plaintiff's proposed amendment

28  does not appear to be barred by the statute of limitations on its face.  Plaintiff has at least facially

met the requirements for relation back under *Nurenberger*—Plaintiff included Doe defendants in the caption, indicated their connection to the case, and was reasonably diligent in discovering their identity and moving to amend the complaint.

The Court therefore finds Plaintiff's amendment to be appropriate under 28 U.S.C. § 1447(e) and that the amendment would, at least on its face, relate back to the date Plaintiff originally filed her complaint.  So, the Court recommends granting Plaintiff's motion to amend. Because that amendment destroys diversity, which is the only basis for the Court's subject matter jurisdiction over this case, the Court further recommends that this case be remanded to the Eighth Judicial District Court of Clark County, Nevada.  *See* 28 U.S.C. § 1447(e) ("[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may…permit joinder and remand the action to State court."); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068-69 (9th Cir. 2001) (explaining that, if diversity is the only basis for the court's subject matter jurisdiction, joinder of nondiverse parties divests the court of jurisdiction); *see Yniques v. Cabral*, 985 F.2d 1031, 1036 (9th Cir. 1993) (explaining that "section 1447(e) allows a district court, once it has permitted the joinder of a non-diverse party, only to remand the case to state court…").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend her complaint (ECF No. 16) be **granted.**

**IT IS FURTHER RECOMMENDED** that this case be remanded to the Eighth Judicial District Court, Clark County, Nevada.

**ORDER**

The deadline for any party to object to this recommendation was August 26, 2025, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and

recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [**ECF No.  25] is ADOPTED** in its entirety, the plaintiff's motion to amend her complaint **[ECF No. 16] is GRANTED**, the Clerk of Court is directed to **DETACH the Amended Complaint [ECF No. 16-1] and SEPARATELY DOCKET it** as of today's date, and the Clerk of Court is directed to then **REMAND this case** back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-24-902940-C, and **CLOSE THIS CASE.**  This case returns to state court with no motions pending.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 27, 2025